IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES J. ELLENBECKER,<br><br>           Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation;<br><br>           Defendant. | **4:19CV3038**<br><br>**MEMORANDUM AND ORDER** |

Defendant, BNSF Railway Company (BNSF) moves the court for an entry of a Protection Order to protect BSNF from disclosing various documents on their privilege log (Filing No. 25). For the reasons discussed below, with the exception of pages 134-136 and pages 283-288 (with the email portion on pages 283 and 286 redacted) of the documents reviewed by the court, (Filing No. 29 at CM/ECF pp. 134-136, 283-288), the motion will be granted.

BACKGROUND

Plaintiff, James J. Ellenbecker (Ellenbecker) filed suit alleging a personal injury claim against his employer, BNSF, under the Federal Employers' Liability Act (FELA). (Filing No. 1). Ellenbecker claims he was injured on March 5, 2017. On March 6, 2017, Ellenbecker submitted a personal injury report to BNSF and the claim was assigned to claim representative James Matthews (Matthews). (Filing No. 27-1, at CM/ECF p. 2). Upon receiving the report, Matthews contacted BNSF Senior General Attorney, James Roberts (Roberts) to obtain direction to investigate the claim. (Id.).

Ellenbecker requested various documents through requests for production. BNSF objected to many of the requests and produced a privilege log identifying 75 documents being withheld on the basis of attorney-client privilege, attorney work product, and 49 U.S.C. § 20903 & 49 C.F.R. § 225.7(b). (Filing No. 27-6).

The following groups of documents from BNSF's privilege log continue to be in dispute[1]:

| Doc # | Description |
|---|---|
| 2, 10–27, 29–31, 33–37, 39–40, 44, 47–51, 66–75 | Communications between members of BNSF's Claims Department and Claims Department personnel and other BNSF supervisory employees or third parties in the investigation of Ellenbecker's claim of injury. |
| 5–7, 9, 53–56 | Background investigation reports regarding Ellenbecker obtained by the Claims Department both before and after the filing of his Complaint and associated communications. |
| 45–46 | Materials from a recorded witness statement taken from Brent Shaffer, the conductor for Ellenbecker's trip, by Matthews on March 10, 2017. |
| 28, 32, 38, 41–42 | Various evaluations, summaries and other documents prepared or obtained by the Claims Department. |

BNSF now moves for an order protecting the documents in dispute from production.

ANALYSIS

Federal courts follow federal attorney-client privilege law in all federal cases other than civil diversity actions (Fed. R. Evid. 501), and they apply the federal

---

[1] Both parties acknowledge Ellenbecker is not seeking production of documents 1, 3, 4, 8, 52, 57-65 and BNSF has agreed to produce document 43. (Filing No. 25, at CM/ECF p. 3; Filing No. 30, at CM/ECF p. 6).

work product doctrine in all federal question cases. Baker v. GMC, 209 F.3d 1051, 1053 (8th Cir. 2000).

The attorney-client privilege protects a corporate employee's communication if:

> (1) the communication was made for the purpose of securing legal advice;
> (2) the employee making the communication did so at the direction of a corporate superior;
> (3) the superior made the request so that the corporation could secure legal advice;
> (4) the subject matter of the communication was within the scope of the employee's corporate duties; and
> (5) the communication was not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

In re Bieter Co., 16 F.3d 929, 935 (8th Cir.1994) (quoting Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 609 (8th Cir .1977)).

With respect to the work product protection, Fed. R. Civ. P. 26(b)(3)(A) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." To determine whether a document was prepared in anticipation of litigation, the court must consider whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Simon v. G. D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). But "there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation." Simon, 816 F.2d at 401.

Ellenbecker argues the documents in dispute are not privileged because BNSF is required to investigate and report injuries to the Federal Railroad Administration, making the documents prepared in the ordinary course of business. (Filing No. 30, at CM/ECF p. 7). BNSF asserts that the claims department, which Matthews is a claims representative, is not responsible for reporting injuries to the Federal Railroad Administration, but instead "investigates claims of personal injury and property damage on behalf of BNSF in anticipation of litigation and at the direction of legal counsel." (Filing No. 26, at CM/ECF p. 7; Filing No. 27-1, at CM/ECF p. 1).

The investigation of claims in anticipation of litigation takes the investigation outside of the regular course of business. Work product protection "applies to attorney-led investigations when the documents at issue can fairly be said to have been prepared or obtained because of the prospect of litigation." Crutcher-Sanchez v. Cty. of Dakota, Neb., No. 8:09CV288, 2011 WL 612061, at *5 (D. Neb. Feb. 10, 2011) (quoting Sandra T.E. v. S. Berwyn Sch. Dist. 100, 600 F.3d 612, 622 (7th Cir. 2010).

With that in mind, all the disputed documents were prepared or obtained to complete the investigation in anticipation of litigation at the direction of BNSF legal counsel. Although Matthews conducted the investigation and is not an attorney, "[d]ocuments produced by non-attorneys in anticipation of litigation may be shielded from production by the work-product privilege." Potter v. Holmes, No. 2:15-CV-02260, 2016 WL 6023488, at *4 (W.D. Ark. Oct. 14, 2016); see, e.g., Diversified Indus., Inc., v. Meredith, 572 F.2d 596, 604 (8th Cir. 1977) ("[T]he concept of work product is not confined to information or materials gathered or assembled by a lawyer."). See also, Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK), 276 F.R.D. 531, 539 (D.N.M. 2011) (holding documents prepared by

the railroad in anticipation of litigation and at the direction of counsel following a crossing accident "fall squarely within the heartland of work product").

Two types of work product protection exist, ordinary work product and opinion work product. Opinion work product contains mental impressions, conclusions or opinions of the attorney. In re Murphy, 560 F.2d 326, 334 (8th Cir. 1977). Ordinary work product is afforded qualified immunity, and it is "discoverable only upon a showing of substantial need and an inability to secure the substantial equivalent of the items through alternate means without undue hardship." Id. Upon review of the documents, the court notes that while some of the disputed documents contain opinion work product, the vast majority contain ordinary work product and are thus afforded only qualified protection.

Ellenbecker states he has a "substantial need to obtain all facts known by BNSF prior to taking depositions of BNSF employees so as to avoid taking potentially unnecessary depositions which would unnecessarily increase the parties' litigation costs and waste the parties' time and resources..." (Filing No. 30, at CM/ECF p. 7). But Ellenbecker submitted no evidence showing he is unable to secure the substantial equivalent of the information withheld through alternate means without undue hardship. Absent this showing, other than pages 134 through 136, the documents were properly withheld from discovery under the work product doctrine.

Pages 134 through 136 are the "Employee Accident/Illness Record," alternate FRA form F6180.98.[2] This report is used for internal reporting purposes, and not for the purpose of preparing for litigation. It is not the form filed under oath with the Secretary of Transportation as referenced in 49 U.S.C. § 20903 & 49

---

[2] Pages 283-288 (with the email portion on pages 283 and 286 redacted) are the same as pages 134 through 136.

C.F.R. § 225.7(b), and it is therefore not protected from discovery under that statute and regulation. Villa v. Burlington N. & Santa Fe Ry. Co., 397 F.3d 1041, 1047 (8th Cir. 2005). See also, Kehdi v. BNSF Ry. Co., No. CIV. 06-6242-AA, 2007 WL 2994600, at *2 (D. Or. Oct. 11, 2007); Willis v. BNSF Ry. Co., No. CV 11-1208, 2013 WL 5491951, at *10 (C.D. Ill. Oct. 2, 2013). In fact, the report itself states, "It is the policy of the BNSF that each employee will be provided the opportunity to review and/or obtain copy of alternate FRA form F6180.98 upon request." (Filing No. 29 at CM/ECF p. 136). Under such circumstances, the railroad cannot claim Ellenbecker is prohibited from obtaining a copy of the report "upon request" as discovery in this lawsuit.

Accordingly,

IT IS ORDERED:

1) Defendant's Motion for Protective Order (Filing No. 25), is granted in part and denied in part as follows:

    a) The railroad shall produce Pages 134 through 136 of the documents filed for *in camera* review, and pages 283 through 288 (with the email portion on pages 283 and 286 redacted).

    b) In all other respects, the railroad's motion for protective order is granted.

2) The railroad's motion to file under seal, (Filing No. 28), is granted.

Dated this 11th day of December, 2019.

BY THE COURT:<br>
*s/ Cheryl R. Zwart*<br>
United States Magistrate Judge